[Civ. No. 2735. Third Appellate District.—October 7, 1924.]

TURLOCK IRRIGATION DISTRICT (a Public Corporation) et al., Respondents, v. SIERRA AND SAN FRANCISCO POWER COMPANY et al., Defendants; WATERFORD IRRIGATION DISTRICT (a Public Corporation), Appellant.

[1] EMINENT DOMAIN — IRRIGATION DISTRICTS — CONDEMNATION OF RIGHTS IN DITCH—PLEADING—ISSUES—FINDINGS—JUDGMENT.—In this action by two irrigation districts organized for public purposes against a power company and a third irrigation district to which said power company had, by contract, granted certain water rights, to condemn the rights of said defendants in and to a certain ditch which would be flooded by the construction of a certain dam being erected by plaintiffs, although the pleadings were not as clear and succinct as they might have been made, and the findings were not as explicit as might be desired and the judgment of the court was not as direct and definite in setting forth the precise right of the parties in that it referred to instruments set forth in the findings, which had to be studied in order to determine what the judgment of the court was, the defendant irrigation district was not prejudiced by any failure of the plaintiffs (who, prior to trial, had purchased all the rights of the defendant power company, subject to the rights of the defendant irrigation district) to amend their complaint to conform to the issues actually tried by the trial court where, under the judgment, said defendant irrigation district got all the water to which it was entitled.

[2] ID.—CONSTRUCTION OF CONVEYANCE—LIMITED USE OF WATER— VALUE—IMMATERIAL FINDINGS—JUDGMENT.—The agreement between said defendant irrigation district and the power company, and under which said irrigation district claimed title, having limited the conveyance to it of the specified quantity of water for a particular purpose, to wit, irrigation, the finding of the trial court (in response to said irrigation district's contention that it was entitled to have said water delivered to it in a ditch having a given elevation above the river, that it might be used for the purpose of generating electricity) that the prospective or remote possible use of the water for the generation of a limited electrical power, to which uses and purposes said waters had not theretofore been appropriated, was of no value, constituted an immaterial finding, where the testimony and findings otherwise

1. See 10 Cal. Jur. 418.
2. See 10 R. C. L. 50.

showed that said irrigation district was receiving all the water to which it was entitled and that it was making all the uses thereof which it might lawfully do under the instrument of conveyance from the power company.

[3]   ID. — JUDGMENT — NOTHING CONDEMNED — LACK OF PREJUDICE. Where the judgment left said defendant irrigation district with the full use and the only use of the water to which it was entitled under its deed of conveyance from the power company, said defendant irrigation district was uninjured by the fact that the judgment condemned nothing. (Opinion on denial of rehearing.)

[4]   ID.—CONSTRUCTION OF SECTION 1241, CODE OF CIVIL PROCEDURE— APPLICATION TO IRRIGATION DISTRICTS.—Subdivision 2 of section 1241 of the Code of Civil Procedure relates only to counties, cities, and incorporated towns, and makes the finding of the legislative body thereof conclusive in certain particulars; but an irrigation district does not come within any of the classifications therein mentioned. (Opinion on denial of rehearing.)

---

(1) 20 **C. J.**, p. 1119, sec. 489.   (2) 20 **C. J.**, p. 1121, sec. 489.   (3) 20 **C. J.**, p. 1121, sec. 489.   (4) 20 **C. J.**, p. 630, sec. 113 (Anno.).

APPEAL from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dennett & Zion for Appellant.

P. H. Griffin, J. M. Walthall, Albert L. Johnson, Griffin, Boone & Boone and Chickering & Gregory for Respondents.

PLUMMER, J.—This action was prosecuted in the superior court of Tuolumne County to condemn the rights of the Sierra and San Francisco Power Company in and to a certain water system, known as and called the La Grange ditch, and also whatever rights or interests the other defendants might have in and to said property. The complaint sets forth that the plaintiffs are irrigation districts organized for public purposes, are building and propose to build a certain dam across the bed of the Tuolumne River, known as the Don Pedro dam, for the purpose of storing water for the uses and purposes of the

---

4.   See 10 **R. C. L.** 14,

plaintiff districts. The ditch belonging to the Sierra and San Francisco Power Company is described, its location designated, and then the complaint sets forth the fact that in the building of the proposed dam several hundred feet of the La Grange ditch will be flooded. ` It also appears that the intake of the La Grange ditch is at a point called Indian Bar, some distance above the Don Pedro dam. It is further alleged in the complaint that the plaintiffs will, by means of the construction of ports in and tunnels or conduits leading from said dam, supply to the water company all the water to which it is entitled by reason of its ownership of the La Grange ditch, and the water conveyed therein, at an elevation at a point designated in the plans and specifications filed with the complaint, which would yield to the Power Company all the water to which it was entitled, · and at an elevation equal to that maintained by the power company at the point of delivery proposed by the plaintiffs. It is further set forth in the complaint that the Waterford Irrigation District is entitled to the use of certain waters of the Tuolumne River for irrigation purposes and that the construction of said Don Pedro dam is consistent with the continuance of the use of said water of said stream by said Waterford Irrigation District to the same extent as the same has been heretofore used by said irrigation district, and for the purposes to which it is being applied. Prior to the actual trial of this cause, it appears that the plaintiffs purchased from the Sierra and San Francisco Power Company all its ownership in and to the ditches owned by the Power Company, and its water rights, subject to the provisions of the instrument by which the Sierra and San Francisco Power Company had conveyed sixty-six second-feet of water to the Waterford Irrigation District during a specified period of each calendar year. The defendant Waterford Irrigation District filed an amended answer in which it asserted an ownership in and to the La Grange ditch, separate and distinct from its right to have and receive sixty-six second-feet of water theretofore conveyed through said La Grange ditch and delivered to canals belonging to the Waterford Irrigation District. The complaint of the plaintiffs was not amended after the acquisition by them of the properties belonging to the

defendant Power Company, and the cause apparently went to trial upon the property rights asserted by the defendant Waterford Irrigation District. It appears from the pleadings that the plaintiffs had been receiving and taking water held in check by a structure known as and called the La Grange dam, and that the defendant Waterford Irrigation District also receives water into its canals and system of ditches at a level coincident with the canal belonging to and used by the plaintiffs at the time of the commencement of this action. It also appears that the sixty-six second-feet of water purchased by the Waterford Irrigation District in its course from the point of diversion at Indian Bar passed the La Grange dam in a ditch situated at an elevation above said dam of approximately one hundred feet. The right of the defendant to have said sixty-six second-feet of water delivered to it at said elevation in a ditch or conduit which, in its course, before it reaches the main canals belonging to the Waterford Irrigation District, is the real point in issue upon this appeal. It appears that at the time of the filing of the plaintiffs' complaint herein, the plaintiffs were proposing to deliver the water to which the Power Company was entitled at an elevation equal to that just stated in order to meet the requirements of the Power Company in the use of said waters for generating electricity; that after acquiring the ownership of the Power Company in and to said ditch, and its other rights specified in the deed of conveyance, a change in the place or point of delivery was proposed to be made, and that at the time of the trial, and some time previously, the water actually taken by the Waterford Irrigation District was delivered to it at an elevation and place hereinbefore stated. The Waterford Irrigation District contended in the trial court, and also contends before this court upon appeal, that the elevation of the ditch through which the water was conducted to it before it reaches its main canal is a valuable property right, and that, under the deed of conveyance by which it acquired said sixty-six second-feet of water, it obtained an ownership of the ditch in which the water was conveyed and that it contemplated, and had the right to take said sixty-six second-feet of water from the La Grange ditch, drop it down to the channel of the Tuolumne River,

and use it for the purposes of generating power to pump more water out of the Tuolumne River and, also, farther down the stream take out of the waters of said river and have and receive for its irrigation uses the sixty-six second-feet of water purchased from the Power Company as aforesaid. The trial court found that the defendant acquired no interest in and to the *corpus* of the ditch belonging to the Sierra and San Francisco Power Company. The instrument by which the Power Company conveyed the water in question to the Waterford Irrigation District, in its granting clause, reads as follows: " . . . does by these presents grant, bargain, sell, convey and confirm, unto said party of the second part, and to its successors and assigns, forever, the right to all the water so as aforesaid diverted or entitled to be diverted by said party of the first part at Indian Bar, and conducted therefrom through the said La Grange Ditch and flume system. . . . " It is further provided in said instrument that: "Such water shall be delivered to the party of the second part, its successors and assigns, at a point on the said La Grange Ditch system or flume immediately above the diverting dam of the Turlock Irrigation District in the Tuolumne River"; and provided further, "that if occasion arises therefor, the party of the second part may require that the water to which the said party of the second part is entitled to be discharged into or be permitted to flow through, said Tuolumne River at any practicable point above the La Grange dam."

It is further provided in the instrument that the water so sold by the Power Company to the Waterford Irrigation District is for irrigation purposes only, and shall not be used for power purposes. The trial court held, as herein stated, that the Waterford Irrigation District acquired only sixty-six second-feet of water by said instrument for purposes of irrigation only; that it acquired no other or further ownership. It was also found by the trial court that the prospective use of the Waterford Irrigation District for power purposes by dropping the water one hundred feet to the bed of the Tuolumne River and using this method as a means of pumping additional water from the river, was of no ascertainable value. It was also held by the trial court that the point of diversion of the water which finally

reaches the irrigation system at the level of its main canals was of no value so long as there was delivered to said Waterford Irrigation District, in its said canals, the quantity of water purchased by it from the Power Company, and subject to the delivery of said quantity of water the plaintiffs had succeeded to the ownership and interest of the ditch system theretofore belonging to the Power Company.

A considerable portion of the briefs of the respective parties is devoted to a consideration of subdivision 5 of section 1240 of the Code of Civil Procedure, defining the right of eminent domain, concerning property appropriated and used for any public purpose. It is there stated: "Property appropriated to any public use by any irrigation district, may be taken by another irrigation district for another public use and purpose, which is consistent with the use of such property for such existing purposes to the same extent as such property is then used; provided, that the right to such limited use in common shall include the right to enlarge, change or improve the property so taken; provided, further, that such enlargement, change or improvement shall not interfere with the original use or any necessary extension or enlargement of such use."

The actual use of the property owned by the Waterford Irrigation Company was not condemned, nor are any of the uses to which the Waterford Irrigation Company has applied for sixty-six second-feet of water obtained from the Power Company been interfered with, altered, or modified by the plaintiffs, or by the judgment of the trial court. The *corpus* of no property belonging to the Waterford Irrigation District has been taken by the plaintiffs, or subjected to other uses and purposes. It is simply the prospective use or value of the right to receive the water at an elevation through a ditch or conduit having its course approximately one hundred feet above the level of the La Grange dam. The trial court held that this right was of no value. We also think it is plain that the right, if such a right existed, was not at the time of the beginning of this action appropriated to a public use. It was simply a dormant, unused, unappropriated, and prospective right to drop said waters one hundred feet to the bed of the

Tuolumne River for the generation of electric power. This prospective or contemplated use pleaded in the defendant's answer and supported by its witnesses, the court found to be of no value and an impractical project. [1] It is strongly urged by appellants that the judgment should be reversed because the plaintiffs' complaint was not amended to conform to the issues actually tried by the court. Is this contention valid? The issues first tendered by the plaintiffs were the value of the ditch belonging to the Power Company and the portion thereof to be flooded by the erection of the Don Pedro dam. The complaint does not set forth the alleged rights of the defendant Waterford Irrigation District other than it is entitled to certain waters and that their taking of the ditch in question will not interfere with the uses of the waters of said system which the defendant has heretofore used, or the purposes or manner of its use. The amended answer of the defendant sets up all its asserted rights which we have hereinbefore considered, and upon its asserted rights testimony was introduced and submitted to the consideration of the court. The trial court found, as we think correctly, upon the meaning of the terms used in the instrument by which the Power Company conveyed to the Waterford Irrigation District a use of sixty-six second-feet of water. The trial court found, upon the testimony introduced as aforesaid, that the asserted right of the defendant to receive water running through a ditch at a certain level was of no value, and that the defendant would have and receive all the water to which it was entitled to be applied to the uses and purposes for which it had purchased said water, and to which said uses had heretofore been applied by the Waterford Irrigation District at a point in its main canal theretofore used by the said Waterford Irrigation District in conveying water to and through its irrigation system. This is not the exact language of the findings, but is a summary of their substance.

The pleadings in this case are not as clear and succinct as they might have been made; the findings are not as explicit as might be desired and the judgment of the court is not as direct and definite in setting forth the precise right of the parties in that it refers to instruments set forth in

the findings, which must be studied in order to ascertain what is the judgment of the court, but the defendant Waterford Irrigation District gets all the water to which it is entitled. It is delivered to it at a point which enables the district to make the same uses, and all the uses, thereof that it has heretofore made, and also all the uses granted to it by the instrument through which it claims title to the said sixty-six second-feet of water. [2] The instrument under which the Waterford Irrigation District claims title having limited the conveyance of water for a particular purpose, to wit, irrigation, the finding of the trial court that the prospective or remote possible use of the water for the generation of a limited electrical power to which uses and purposes said waters have not heretofore been appropriated is of no value may be disregarded, as the testimony and findings otherwise show that the appellant is receiving, as herein stated, all the water to which it is entitled, and is making all the uses thereof which it may lawfully do under the instrument of conveyance herein referred to. Under these conditions, we do not perceive any real cause for complaint on the part of the appellant herein. The judgment of the trial court is hereby affirmed.

Finch, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 6, 1924, and the following opinion then rendered thereon:

THE COURT.—The appellant in its petition for rehearing overlooks this portion of the deed of conveyance by which it claims title to sixty-six second-feet of water, to wit: "it is understood and agreed between the parties hereto and made a condition of this grant, that the grant for the uses of said water as herein stated is for the purposes of irrigation only." The original opinion of the court herein calls attention to this fact and sets forth that, even if the trial court were in error in finding that the so-called prospective use for power purposes was of no value, such finding could have no bearing upon the conclusion to be reached from the fact that the defendant, under the instrument by which it obtained the right to use a certain quantity of

water for irrigation purposes, acquired no title to the water for power purposes, and that, therefore, the contentions of the defendant cannot be sustained, because no property belonging to it has been taken away, or subjected to the uses and purposes of the plaintiffs.

[3] Appellant also appears to contend that the judgment against it is void, in that nothing was condemned. If this is true, the appellant is uninjured, as it is left with the full use and the only use of the water to which it was and is entitled under the deed of conveyance upon which it bases its title. [4] We do not see that section 1241 of the Code of Civil Procedure has any bearing upon the issues presented in this case. That section, in subdivision two, relied upon by the petitioner herein, relates only to counties, cities, and incorporated towns, and makes the finding of the legislative body thereof conclusive in certain particulars. An irrigation district does not come within any of the classifications therein mentioned. The necessity for flooding a certain portion of the La Grange ditch from which the waters conveyed by the Sierra and San Francisco Power Company to the defendant Waterford Irrigation District is set forth in the complaint and is not denied in the answer. The cause was tried, so far as appellant is concerned, upon its answer, and as the judgment does not deprive the appellant of any water to which it is entitled or of any uses of said water to which it is entitled, we find no cause for disturbing the judgment of the trial court.

The petition for a rehearing is denied.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 4, 1924.

All the Justices concurred.